IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Crim. No. 4:20-CR-207 |
| v. | ) | |
| | ) | |
| JADE DANIEL JOSEPH MONAHAN, | ) | MOTIONS IN LIMINE |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

On November 18, 2020, the grand jury returned an Indictment charging Defendant with Receipt of Child Pornography (Count 1) and Possession of Child Pornography (Count 2). The charges primarily stem from evidence that Urbandale Detective Andy Morlan discovered on electronic devices that were seized at the Defendant's Urbandale residence during a search warrant on August 6, 2020.

Trial is set for June 21, 2021. Pursuant to the Court's Order (Dkt. 48), the government files these motions in limine. As detailed below, the government requests the Court make the following rulings in advance of trial: (1) the parties should not attempt to redefine or explain reasonable doubt in a manner inconsistent with the Court's instructions; (2) advocacy or questioning in support of jury nullification in any form should be prohibited; and (3) the government should be permitted to recall a law enforcement agent, as needed.

## DISCUSSION

### I. The Court should preclude questions and argument that explain or redefine reasonable doubt.

It has become increasingly common for defense counsel to redefine reasonable

doubt, either by trying to quantify it, or by using elaborate analogies to explain it. This is improper, and the Court should preclude it, both in voir dire and in argument, as courts in this district have repeatedly done. *E.g., United States v. Haynes*, 4:18-CR-152 (Rose, J.); *United States v. Magallon*, 4:18-CR-080 (Jarvey, C.J.); *United States v. Lagunas Hernandez*, 4:19-cr-040 (Goodgame Ebinger, J.).

The Eighth Circuit has warned that lawyers "would be well advised to avoid trying to explain to the jury the meaning of 'beyond a reasonable doubt,'" because "this is a function properly performed only by the trial judge." *United States v. Drew*, 894 F.2d 965, 969 (8th Cir. 1990); *accord United States v. Boesen*, 473 F. Supp. 2d 932, 944 (8th Cir. 2007). In this Circuit, the trial judge explains reasonable doubt to the jury through model jury instruction 3.11, which the court of appeals has "specifically and repeatedly approved." *United States v. Gill*, 513 F.3d 836, 848 & n.6 (8th Cir. 2008).[1] This Court should prevent attempts by either side to further explain reasonable doubt.

For example, it is improper to quantify reasonable doubt, and attempts to do so have been "met with strong disapproval in federal courts." *United States v. Pungitore*, 910 F.2d 1084, 1145 (3d Cir. 1990) (collecting cases). Thus, it is improper to attempt to define reasonable doubt by size in a bar graph, or to quantify it through a demonstration with scales, cups of water, or other comparisons. *See id.* at 1144-45. In a recent case, for example, defense counsel used a graph during closing argument

[1] The model instruction has been updated slightly since *Gill*, but its essence remains the same.

that attempted to quantify reasonable doubt in relation to other standards of proof. Since that trial, district courts have barred defense counsel from using the chart. *See Magallon*, Case No. 4:18-CR-080 (Jarvey, C.J).

It is also improper to explain reasonable doubt through illustrations, parables, or analogies. For example, some lawyers, and some judges, are tempted to explain what it means to hesitate when making an important life decision by using elaborate analogies, such as a parent making medical decisions about a child, or a young couple buying a new car. *See United States v. Pinkney*, 551 F.2d 1241, 1243-44 (D.C. Cir. 1976). Such "attempts . . . more often than not tend to confuse or mislead." *Id.* at 1244 (holding that a jury instruction containing such a parable was improper).

The Supreme Court said long ago that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer in the minds of the jury." *Holland v. United States*, 348 U.S. 121, 140 (1954). The Court should prevent both parties from attempting to explain reasonable doubt beyond the definition in the model jury instruction. And from asking jurors to define what reasonable doubt means to them, as this can often lead to incorrect explanations of the law being recited and heard by the entire jury pool.

## II. Advocacy or questioning in support of jury nullification in any form should be prohibited.

The Court should preclude Defendant from making arguments, admitting evidence, or framing questions in the presence of the jury that are designed to induce jury nullification. It is improper for a defendant to suggest in any way that the jury should acquit the defendant even if it finds that the government has met its burden

of proof.

> To encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves as a matter of conscience to disobey is to invite chaos. No legal system could long survive if it gave every individual the option of disregarding with impunity any law which by his personal standard was judged morally untenable.

*United States v. Wiley*, 503 F.2d 106, 107 (8th Cir. 1974) (quoting *United States v. Moylan*, 417 F.2d 1002, 1009 (4th Cir. 1969)). "[F]ederal courts have uniformly recognized the right and duty of the judge to instruct the jury on the law and the jury's obligation to apply the law to the facts, and that nullification instructions should not be allowed." *United States v. Drefke*, 707 F.2d 978, 982 (8th Cir. 1983). The government moves to exclude the following specific examples of jury nullification, among others.

**A. Potential Punishment**

The Court should exclude any evidence about the potential sentence in this case. The Court will instruct the jury that it "may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt." *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit*, 2018 ed., § 3.12. The sentence Defendant faces if convicted is likewise irrelevant and should not be allowed. *See United States v. Brewer*, 624 F.3d 900, 907 (8th Cir. 2010) (recognizing that "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion") (quoting *Shannon v. United States*, 512 U.S. 573, 575 (1994)); *United States v. Thomas*, 895

F.3d 1198, 1200 (8th Cir. 1990) ("To inform a federal jury about a defendant's punishment would only introduce improper and confusing considerations before it.").

**B. Prosecutorial Charging Decisions**

Evidence bearing on the government's decision to prosecute is extraneous and collateral and thus should be excluded from trial. *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the indictment was a political instrument); *United States v. Berrigan*, 482 F.2d 171, 174-76 (3d Cir. 1973) (affirming exclusion of evidence relating to discriminatory prosecution). It is settled law that questions about the subjective intentions or motivations of a government agent are irrelevant to determining whether a defendant is guilty or innocent. *See, e.g., United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting, even in the context of an entrapment defense, it was proper for the trial court not to allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant). The Court should exclude evidence about the prosecutorial or investigational motive for investigating and charging this case. This should include any comparisons to other federal child pornography cases.

Similarly, the Court should preclude questions and arguments about a police officer's legal opinion. It is common for defense lawyers to ask police officers whether they believed someone had committed a crime, or whether they believed there was enough evidence to charge someone with a crime. These and other questions about an officer's opinions are improper.

A police officer's opinion about whether there is probable cause to arrest or search is irrelevant to whether there actually is probable cause to arrest or search. *United States v. Street*, 472 F.3d 1298, 1305 (11th Cir. 2006); *United States v. Cooper*, 1 Fed. App'x 399, 403 (6th Cir. 2001). Similarly, an officer's opinion about whether someone, be it the defendant or someone else, has committed a crime is irrelevant to the jury's task at trial. As the Court will instruct the jury, it is the jury's duty—and the jury's alone—"to find from the evidence what the facts are." *Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit*, 2018 ed., § 3.02.

Law enforcement's opinions about whether a crime has occurred, who is liable for it, and the weight or strength of evidence, are irrelevant at trial. The Court should preclude questions or argument about such opinions.

## III. The government should be able to recall law enforcement agents as needed.

The government should be permitted to recall witnesses during the course of trial, as doing so will allow for a more streamlined presentation of evidence to the jury. Federal Rule of Evidence 611 governs the mode and order of interrogation and presentation of witnesses. Rule 611(a) provides:

> [t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment.

Regulation of the manner and order of presentation and interrogation is within a district court's discretion. *United States v Puckett*, 147 F.3d 765, 770 (8th Cir. 1998).

The Eighth Circuit has frequently upheld the practice of recalling certain witnesses in the government's case-in-chief in order to promote the jury's understanding in complex cases. *Id.* (holding that the district court's decision "allowing the government to recall law enforcement witnesses during the course of trial so that the evidence could be presented in chronological order" did not lend undue credibility to their testimony or interfere with effective cross examination); *United States v. Jackson*, 549 F.2d 517, 529-30 (8th Cir. 1977) (procedure of recalling law enforcement agent "a number of times to testify chronologically . . . is commended as one way to clearly present an organized factual recital in an extended conspiracy trial.").

Here, the government seeks permission to recall Detective Andy Morlan as needed to testify regarding evidence obtained during the course of the investigation and the progress of the investigation. The purpose of splitting up the testimony is to avoid overloading the jury with information and presenting a more logical and efficient presentation of evidence to the jury. The government anticipates calling Detective Andy Morlan twice during the course of its case-in-chief.

## CONCLUSION

The Court should grant the government's motions in limine, as outlined above.

Respectfully Submitted,

Richard D. Westphal
Acting United States Attorney

By: */s/ Adam J. Kerndt*

Adam J. Kerndt
Ryan W. Leemkuil
Assistant United States Attorneys
U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: adam.kerndt@usdoj.gov
Email: ryan.leemkuil@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2021, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:

____ U.S. Mail ____ Fax ____ Hand Delivery

_X_ ECF/Electronic filing ___ Other means (email)

UNITED STATES ATTORNEY

By: */s/ Adam J. Kerndt*
Assistant United States Attorney