```
            IN THE UNITED STATES DISTRICT COURT

         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
         v.                   )     Criminal No. 08-55 Erie
                              )
JEREMY NOYES                  )
```

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE IMAGES OF CHILD
PORNOGRAPHY IN UNALLOCATED SPACE**

Noyes seeks an order excluding from evidence at his upcoming trial numerous child pornography images found in unallocated space[1] on one of his computers. Noyes claims that this evidence must be excluded because: 1) the lack of any corresponding data for the material indicating things like creation and access dates prevents him from being able to prepare a defense; and 2) he did not have the forensic ability to retrieve or access the unallocated images. The motion should be denied as the evidence of numerous images of child pornography in unallocated space is clearly admissible.

The forensic examination of two different computers seized when the FBI executed a search warrant at Noyes' residence has uncovered the presence of numerous images of child pornography. Located on a Medion laptop were: (1) approximately 716 child pornography images within the temporary Internet cache; and (2) 8 images of child pornography within a subfolder labeled "4abby"

---

[1] The "unallocated space" of a computer is where deleted data is stored until it is overwritten with new data. United States v. Otero, 563 F.3d 1127, 1131 (10th Cir. 2009).

(which was within a folder labeled "4alex") located on the desktop portion of the computer.  Uncovered on a Dell laptop were: (1) approximately 80 images of child pornography located in unallocated space; and (2) at least one image of child pornography located in the desktop portion of the computer in a folder labeled "Personal\Alex\Ab\".  Thus, of all the child pornography images located in Noyes' computers only the 80 found in unallocated space on the Dell computer are addressed by Noyes' motion in limine.  Those images found in the temporary Internet cache on the Medion computer are not in unallocated space.  They are in a specific area of Noyes' computer that is not part of unallocated space.  Thus, when Noyes seeks to exclude unallocated images he is really only referencing those 80 images on the Dell computer.

In United States v. McArthur, 573 F.3d 608, 614-15 (8th Cir. 2009), a defendant appealing his possession of child pornography conviction argued that the evidence was insufficient because all of the images and websites containing child pornography were located in the unallocated space of his computer.  The Eighth Circuit was not persuaded and found that evidence of child pornography in unallocated space is sufficient on its own to sustain a conviction.  Id. at 615.  See also, United States v. Stout, 509 F.3d 796, 798 (6th Cir. 2007)(all child pornography found on computer cam from unallocated space).  Given how much child pornography was found in the unallocated space of Noyes' Dell computer, the jury could

reasonably infer, just from that evidence alone, that Noyes was actively seeking and finding images of child pornography

It is well settled that knowing possession can be established through circumstantial evidence that the defendant knowingly exercised ownership, dominion and control over the contraband at issue, or that he had the power and intent to exercise dominion and control. E.g., United States v. Campa, 529 F.3d 980, 1003 (11th Cir. 2008). Other courts that have examined this issue in the context of an Internet child pornography case have agreed that the same standard applies. See, e.g., United States v. Romm, 455 F.3d 990, 998 (9th Cir. 2006)("In the electronic context, a person can receive and possess child pornography without downloading it, if he or she seeks it out and exercises dominion and control over it."); accord United States v. Kuchinski, 469 F.3d 853, 861 (9th Cir. 2007); see also United States v. Tucker, 305 F.3d 1193, 1204 (10th Cir. 2002); United States v. Luken, 515 F.Supp.2d 1020, 1028-29 (D. S.D. 2007). In Romm, the defendant had viewed images of child pornography online and enlarged them on his screen, while at the same time the images were automatically saved in the "internet cache" or "temporary internet files" of his computer. Romm, 455 F.3d at 993. Ultimately, forty images of child pornography that had been deleted out of Romm's internet cache were recovered and used to prosecute him for knwing possession. Id. After his conviction, Romm appealed, challenging the sufficiency of the evidence on that

element given the fact that he merely viewed the explicit images without ever affiramtively "downloading" any of them to his hard drive. Id. at 993-94. The Ninth Circuit held that the evidence was sufficient to support the conviction where it was shown both that (1) Romm had the ability to exercise dominion and control over the images in the cache, and that (2) Romm actually exercised that control by enlarging and deleting them. Id. at 1001. With respect to the first factor, the court emphasized expert testimony that "[w]hile the images were displayed on Romm's screen and simultaneously stored to his laptop's hard drive, he had the ability to copy, print, or email the images to others." Id. at 1000. For the second factor, the court cited the testimony of a detective that Romm had deleted the images out of the cache, "either manually, or by instructing his browser to do so." Id. at 1001. As a result, the court concluded that the evidence was more than sufficient to support Romm's conviction even though the images of child pornography were all found in unallocated space.

What these cases illustrate is that the images found in the unallocated space of the hard drive can and often do support criminal convictions for possession and receipt of child pornography. In this case, the government expects the evidence to show that Noyes had images of child porngraphy saved on both computers seized from his residence. That is, Noyes had images of child pornography that were not in unallocated space but were

4

rather saved to his hard drive and readily accessible to him any time he wanted to view them.  Hundreds of images of child pornography were also found in allocated space in the temporary internet cache of the Medion computer.  About 80 images were found in unallocated space on the Dell computer.  The images, both saved and in unallocated space, in conjunction with the child pornography material found in his email account, his internet browsing history, email and chat activity, documents evidencing a sexual interest in children and his extensive collection of anime, cartoons and drawings depicting minors being sexually brutalized are all relevant and probative of his intent to transport, receive, and possess child pornography.

On the other hand, Noyes has failed to cite to even one case that justifies the exclusion of the images in unallocated space. He has also failed to show how his defense is prejudiced in any way from the lack of computerized access data for some of the image files.  If anything, the absence of that data is more prejudicial to the government, as it will be harder to prove when and how Noyes possessed those images.  Of course, Noyes is free to make whatever weight of the evidence arguments he wants at time of trial.  But his argument has no bearing on the admissibility of the evidence.

Noyes' claim that the evidence must be excluded because he did not have the forensic ability to retrieve the images in unallocated space misses the point entirely.  The obvious significance of the

5

evidence is that Noyes possessed the images and then placed the images in unallocated space by deleting them.  The images are evidence of Noyes' involvement with child pornography.  In this context they are plainly relevant and admissible.  Noyes' log explanation is silly.  The ashes are obvious evidence of prior possession of a log even if they are no longer a log.

Noyes' massive amount of unallocated images of child pornography are also evidence of prior possession of child pornography.  Noyes' prior possession is critically relevant because he is charged with receiving and possessing child pornography during a time frame which begins in December 2004.  Thus, the government does not have to show that Noyes had access to the images in July 2008 when the FBI seized his computers.

In this case the government expects the evidence to show that Noyes' unallocated images were intermingled with images that had been saved to his hard drive and were not deleted, and that the presence of these images, in conjunction with his internet browsing history, email and internet chat activity, the considerable amount of child pornography located within his Google gmail account, anime type images and other drawings, and possession of numerous documents on his computers evidencing a sexual interest in children, are relevant and probative of his intent to transport, receive and possess child pornography. Accordingly, Noyes' motion to exclude the images in unallocated space, which on their own

6

could support a conviction, should be denied.

                                        Respectfully submitted,

                                        DAVID J. HICKTON
                                        United States Attorney

                                        <u>S/Christian A. Trabold</u>
                                        CHRISTIAN A. TRABOLD
                                        Assistant U.S. Attorney
                                        PA ID No. 75013